IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NESBY JONES, ID # 399105, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:06-CV-1204-B (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 1985 Dallas County conviction for attempted aggravated sexual assault in Cause No. F85-96493. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On May 29, 1985, petitioner was convicted of attempted aggravated sexual assault, and was sentenced to life imprisonment. (Pet. Writ Habeas Corpus (Pet.) at 2.) On May 19, 1986, the court of appeals affirmed his conviction. *See Jones v. State*, No. 05-85-00587-CR, http://www.courtstuff.com/FILES/05/85/05850587.HTM (docket sheet information generated May 7, 2006) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas). On June 12, 1986,

the Court of Criminal Appeals refused his petition for discretionary review, and on March 13, 1987, the court issued its mandate. *Id.*

On May 23, 1990, the Court of Criminal Appeals denied petitioner's first state application for writ of habeas corpus (WR-6,971-02) related to the challenged conviction. *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&DateFiled=&DateFiled2=&Style=Jones%2C+Nesby&Style_2=&COACaseNumberNo=&Submit1=Search (accessed December 27, 2006) (following links to disposition). On October 20, 2004; April 13, 2005; and June 14, 2006, the Court of Criminal Appeals dismissed three other state applications for writ of habeas corpus (WR-6,971-04; WR-6,971-05; WR-6,971-07) as abuses of the writ.

On July 6, 2006, this Court received the instant federal petition. In sixteen grounds of error he raises the following claims: (1) ineffective assistance of counsel at and before trial (Grounds 1, 2, 3, 4, 5, 7, 8, and 10), including an alleged failure to object to the prosecution's failure to disclose exculpatory evidence (Ground 8); (2) ineffective assistance of appointed investigator (Ground 6); (3) trial court erred in partially denying motion for discovery (Ground 9); (4) ineffective assistance of appellate counsel (Ground 11); (5) actual innocence (Ground 12); and (5) constitutional violations related to denials of release to parole (Grounds 13 through 16).

In view of the preceding procedural history and the nature of petitioner's claims, the Court will consider the timeliness of the instant federal petition for writ of habeas corpus. However, because petitioner asserts constitutional violations related to parole denials between 1994 and 2005, the Court first considers petitioner's claims related to parole denials.

## II.  DENIAL OF PAROLE

Petitioner claims that he has been unconstitutionally denied release to parole.  However, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Although a particular state may create a constitutionally protected interest in parole, *see id.* at 12, Texas has created no such protected liberty interest which would implicate constitutional considerations, *see Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana*, 65 F.3d at 32.  Because petitioner has no constitutionally protected expectation for release on parole, his parole claims (Grounds 13 through 16) provide no basis for federal habeas relief.

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes

3

a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. He relies on no retroactively applicable Supreme Court case that recognized a new constitutional right. As § 2244(d)(1) relates to this case, the Court will thus calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

## A. Finality of Conviction

In this case, petitioner appealed his conviction, the Court of Criminal Appeals refused his petition for discretionary review, and petitioner filed no petition for writ of certiorari. In such cases, the state conviction becomes final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Court of Criminal Appeals refused the petition for discretionary review. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13. Thus, petitioner's conviction became final in 1986.

4

**B.  One-year Grace Period**

When a conviction becomes final before the April 24, 1996 enactment of the AEDPA, the petitioner has one year following the effective date of the Act in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The one-year period of limitations does not apply prior to its effective date. Thus, no time may be counted against an inmate prior to April 24, 1996, the date the AEDPA was signed into law. Petitioner is entitled to the one-year grace period which would end, in the absence of tolling, on April 24, 1997.

**C.  Factual Predicate**

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's grace period expired on April 24, 1997. Other than the claims concerning parole denials, petitioner would have known, or should have known through the exercise of due diligence, the factual predicate of his claims well before his grace period expired. Because petitioner filed his petition more than one year after his grace period expired in April 1997, a literal application of § 2244(d)(1) renders petitioner's July 2006 filing untimely.

### IIII.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation not include any time during which his state habeas applications were pending before the Texas state courts. *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Because petitioner is entitled to the one-year grace period that expired in April 1997, his state application filed and decided in 1990 does not toll the limitations period – the grace period has already eliminated from the limitations calculation the time during which such application was pending. Furthermore, when petitioner filed his next state petition in 2004 to challenge his conviction, the statutory limitations and grace period had already expired. Accordingly, the statutory tolling provision does not save petitioner's July 2006 federal petition.

In addition, nothing in the petition or supporting memorandum indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). Although petitioner claims to be actually innocent of the crime for which he has been convicted, a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent", *see Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000).

Petitioner, furthermore, has not shown that he is actually innocent. The Supreme Court has held that to show actual innocence, a petitioner must establish:

> that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt . . . in light of all of the evidence, including that alleged

> to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial.

*Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner has not met this standard. He complains that the victim did not identify him as her assailant, that a witness (Billy Brown) testified falsely and recanted his testimony at trial, and that the prosecution withheld evidence of his innocence, *i.e.*, a forensic report which shows that no laboratory case was created for the victim and a police report related to the circumstances of the crime. In this case, the jury heard Brown's testimony and the alleged recantation at trial,[1] and still convicted petitioner. The alleged recantation thus provides no basis for finding that it is more likely than not that no reasonable juror would have found him guilty – the jury found him guilty. The fact that the victim could not identify petitioner as her assailant does not show petitioner to be actually innocent. In addition, neither the forensic report nor the police report shows petitioner's actual innocence. In short, petitioner has presented nothing to show that he is actually innocent.

In any event, a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). Petitioner did not file his first state habeas application until five years after he was convicted. He did not file his next state

---

[1] Petitioner's claim of false testimony and later recantation focuses on the following trial testimony by Brown:
>  Q. Now, is there any doubt in your mind the person you saw in Nesby Jones' car was in fact Nesby Jones?
>  A. Yes.
>     . . .
>  Q. Is there any doubt in your mind as to what he had on?
>  A. Huh - Uh.

(Mem. Supp. at 17, 80 (citing Statement of Facts, Vol. I at 116 and 124).)

7

habeas application until approximately another fourteen years had elapsed. He provides no adequate explanation for such delays. Such lengthy unexplained delays make equitable tolling unwarranted.

Because neither statutory nor equitable tolling save petitioner's July 2006 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

### IV.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein, an evidentiary hearing appears unnecessary.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the instant request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. Petitioner's parole claims provide no basis for federal habeas relief. His other claims are untimely.

**SIGNED this 3rd day of January, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE